UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TRAVIS JOHNSON                                                                                    PLAINTIFF
#601903

V.                              No. 4:22-CV-00145-KGB-JTR

MARK GOBER, Sheriff,
Drew County; SUSAN POTTS,
Jail Administrator, Drew County                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On February 14, 2022, Plaintiff Travis Johnson ("Johnson"), a pretrial detainee in the Drew County Detention Center ("DCDC"), filed a *pro se* § 1983 Complaint alleging Defendants violated his constitutional rights. *Doc. 2*.

On May 2, 2022, the Court entered an Order reflecting its initial screening[1] of Johnson's claims. *Doc. 5*. This Order noted several deficiencies in Johnson's Complaint, and allowed him 30 days to correct those deficiencies in an Amended Complaint. The Court provided Johnson with the following guidance on what allegations needed to be added to his Amended Complaint:

> (1) *how* each Defendant *personally participated* in violating his constitutional rights, including dates, times, and places where those violations occurred; (2) *what constitutional right* he believes each Defendant violated; (3) how *he* was *physically* harmed by each of the allegedly constitutional violations; (4) a clear and express statement regarding whether he is suing Defendants in their official capacity, their individual capacity, or both capacities; and (5) if he is suing Defendants in their "official capacity," his legal basis for doing so.

*Doc. 5 at 3*. Importantly, the May 2nd Order cautioned Johnson that if he did not file an Amended Complaint providing the additional information requested, the Court would proceed to screen his Complaint, and "*[was] likely, in screening that pleading, to conclude it should be dismissed, without prejudice, for failing to state a claim for relief.*" *Id. at 3-4* (emphasis in original).

Johnson has not filed an Amended Complaint and the time to do so has expired. Thus, the Court will proceed with screening his Complaint (*Doc. 2*).

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

## II.  Discussion

Johnson alleges that he has "pre-existing nerve damage in [his] neck and back and ha[s] pain 24 [hours] a day." *Doc. 2 at 4*. He further alleges he has "been asking for a doctor's visit since December 2021 and ha[s] not received one yet." *Id*.

He asserts that Drew County Sheriff Mark Gober ("Gober") and DCDC Jail Administrator Susan Potts ("Potts") "are responsible for [his] pain [and] suffering," for which he seeks damages and to have them "reprimand[ed] and/or suspen[ded] and/or terminat[ed]." *Id.* at 5.

Johnson, however, has not made *any* specific factual allegations demonstrating that either Potts or Gober were *personally involved* in the denial of his requests to see a doctor or their personal involvement in any other alleged constitutional violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, "naked assertions devoid of further factual enhancement" are insufficient to plead a viable § 1983 claim, and instead a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Additionally, the only allegation made against Gober is that he "is directly responsible for Susan Potts's actions as Jail Administrator because [Gober] is [Potts's] boss." *Doc. 2 at 4*. Under § 1983, Gober cannot be held vicariously liable for any constitutional violations allegedly committed by Potts or any other

subordinate. *See Parrish v. Ball,* 594 F.3d 993, 1001 (8th Cir. 2010); *Keeper v. King.,* 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

Finally, in a § 1983 action, Johnson lacks standing to request, by way of relief, that Defendants be reprimanded, suspended, or terminated from their employment. Matters related to the employment of prison personnel are left to the discretion of prison officials, not the courts. *See Bell v. Wolfish*, 441 U.S. 520, 548 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.").

Accordingly, because Johnson's Complaint fails to state a claim for relief against either of the two named Defendants, Gober and Potts, this Complaint should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Johnson's Complaint be DISMISSED, WITHOUT PREJUDICE.

DATED this 29th day of June, 2022.

*[signature: J. Thomas Ray]*

_____
UNITED STATES MAGISTRATE JUDGE